UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRANDI LEE,

    Plaintiff,

v.

WELLPATH CORPORATION, et al.,

    Defendants.
_____/

Case No. 2:24-cv-39

Hon. Hala Y. Jarbou

## **OPINION**

Plaintiff Brandi Lee filed this lawsuit against Defendants Wellpath Corporation, Chippewa County, and a number of health care employees and law enforcement officers. (Am. Compl., ECF No. 2.) Lee claims these defendants violated her constitutional rights and committed various state-law torts while she was in custody at the Chippewa County Correctional Facility. Defendants Chippewa County, Bitner, Flesch, Hall, Hough, Lawler, Ronald, Spencer, Wellpath, Hayes, Lightfoot, Ricketts, and Thompson filed motions to dismiss her claims. (ECF Nos. 18, 19.) Other defendants did not file motions to dismiss; there are a number of defendants who have yet to make an appearance before the Court, and for whom Lee has not filed proof of service: Kinsella, Abruscato, Curtis,[1] Hyvarinen, Whitenberg, Folkersma, Bumstead, and Barber.

In a report and recommendation (R&R), Magistrate Judge Vermaat recommended that the Court dismiss (1) Sheriff Bitner, (2) the constitutional claims against Undersheriff Hough, (3) the gross negligence and intentional infliction of emotional distress (IIED) claims against Chippewa

---

[1] The Amended Complaint lists Deputy Sheriff Thomas Curtis and Deputy Sheriff Unknown Curtis; Lee has not filed a proof of service for any defendant with the last name Curtis, and no defendant with the last name Curtis has made an appearance.

County, and (4) the gross negligence claims against the Wellpath employees.² (R&R 22-23, ECF No. 34.)  Defendants Chippewa County, Bitner, Flesch, Hall, Hough, Lawler, Ronald, and Spencer filed objections arguing that the R&R incorrectly determined that Lee stated (1) a claim under 42 U.S.C. § 1983 against Chippewa County, (2) gross negligence claims against Undersheriff Hough and the Deputy Sheriffs, and (3) IIED claims against Undersheriff Hough and the Deputy Sheriffs. (ECF No. 36.)  For the reasons discussed herein, the Court will sustain the objections, reject the R&R, and dismiss these claims without prejudice.  The Court will also order Lee to file proof of service against the unserved defendants who have yet to make an appearance and show cause as to why the claims against these defendants should not be dismissed under Federal Rule of Civil Procedure 4(m).

## I. STANDARD

### A. R&R Review Standard

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. Motion to Dismiss Standard

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

---

² Given Wellpath's bankruptcy proceedings, and the temporary stay that was recently lifted, the R&R did not address claims against Wellpath.

2

and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017).

## II. ANALYSIS

The R&R discusses the facts at length. As a threshold matter, the Court clarifies that despite the R&R's mention of "all defendants," due to longstanding principles that limit the Court's jurisdictional reach to defendants that have either been served or have made an appearance, the Court's orders do not address claims against Kinsella, Abruscato, Curtis, Hyvarinen, Whitenberg, Folkersma, Bumstead, and Barber. *See N.Y. Life Ins. Co. v. Bangs*, 103 U.S. 435, 440 (1880) (explaining that until a defendant is served or has made an appearance, "the court has no jurisdiction to proceed or to render a decree affecting his rights or interest"). And because only Chippewa County, Bitner, Flesch, Hall, Hough, Lawler, Ronald, and Spencer filed this objection, the Court will limit its analysis to these defendants.

At issue is whether Lee's amended complaint sufficiently pleads facts to state (1) a claim under 42 U.S.C. § 1983 against Chippewa County, (2) gross negligence claims against Undersheriff Hough and Deputy Sheriffs Flesch, Hall, Lawler, Ronald, and Spencer (collectively,

3

for purposes of this opinion, "the Deputy Sheriffs"), and (3) IIED claims against Undersheriff Hough and the Deputy Sheriffs.

### A. *Monell* Liability for Chippewa County

Lee claims that Chippewa County is liable for constitutional violations under the municipal liability theory outlined in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Lee alleges that Chippewa County contracted with Wellpath "to provide proper and necessary care to individuals housed at the Chippewa County jail" but Wellpath "failed" to do so. (Am. Compl. ¶ 4.) Lee asserts that Chippewa County is liable on this *Monell* claim due to a policy or custom that caused Lee's injuries; she alleges that Chippewa County is liable either due to an affirmative policy that causes injury or the lack of a policy that would prevent it. (*Id.* ¶¶ 160-163.)

"Municipal liability attaches only where the policy or practice in question is 'attributable to the municipality' . . . ." *D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014) (quoting *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)). If Lee's claim is based on an injury-inducing policy or custom, she must

> alleg[e] facts that show one of the following circumstances: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."

*Vittetoe v. Blount County*, 861 F. App'x 843, 850 (6th Cir. 2021). If Lee's claim is based on inaction, she must

> "allege (1) "a clear and persistent" pattern of unconstitutional conduct by municipal employees; (2) the municipality's "notice or constructive notice" of the unconstitutional conduct; (3) the municipality's "tacit approval of the unconstitutional conduct such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction"; and (4) that the policy of inaction was the "moving force" of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the municipality rather than simply by the conduct of the municipal employee.

4

*D'Ambrosio*, 747 F.3d at 387-88 (cleaned up) (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Lee alleges the mere existence of a policy that caused her injuries. She did not describe this policy and "show how [it] led to the alleged constitutional violations." *Vittetoe*, 861 F. App'x at 850. She did not allege that an individual with final decision-making authority ratified any policy.[3] She did not allege facts indicating inadequate training or supervision. And she did not allege any facts indicating a custom of tolerance or acquiescence to federal rights violations. Lee did not plead facts sufficient to state a claim for an affirmative policy or custom that could lead to *Monell* liability for Chippewa County.

Similarly, her amended complaint fails to allege, beyond conclusory allegations, any of the elements of inaction-based policy or custom. The amended complaint contains no allegations of a pattern of unconstitutional conduct, and there is no mention of Chippewa County's notice or constructive notice, let alone tacit approval. She does not allege facts showing that a policy of inaction was the moving force behind her injuries.

The R&R is correct that Lee need not prove her claims at this stage. But Lee must have alleged facts that "directly or indirectly support 'all material elements necessary for recovery under a viable legal theory.'" *Vittetoe*, 861 F. App'x at 850. Because Lee did not do so, her *Monell* claim against Chippewa County will be dismissed without prejudice.

**B. Gross Negligence Claims Against Undersheriff Hough and the Deputy Sheriffs**

Defendants recognize that the R&R correctly articulated the standard for the gross negligence claims against Undersheriff Hough and the Deputy Sheriffs under Michigan's

---

[3] While ratification can come in the form of a decision maker's "failure to investigate," Lee does not allege the requisite "multiple earlier inadequate investigations that concern comparable claims" to allege a policy or custom under this theory. *Mosier v. Evans*, 90 F.4th 541, 549 (6th Cir. 2024) (quoting *Pineda v. Hamilton County*, 977 F.3d 483, 495 (6th Cir. 2020)).

Governmental Tort and Liability Act, Mich. Comp. Laws § 691.1407.  Defendants object, however, to the R&R's conclusion that Lee properly stated a claim against these defendants.

The Court "must take care to read the complaint's allegations 'as a whole.'" *Sturgill v. Am. Red Cross*, 114 F.4th 803, 807 (6th Cir. 2024) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 47 (2011)).  In that vein, the Court cannot ignore factual allegations that undermine a plaintiff's legal theory, *see Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. ---, 145 S. Ct. 1567-68 (2025) (noting that the plaintiff's allegations, when taken together, render theory of liability implausible), nor can the Court fill in the gaps left by an insufficient complaint under the guise of a plausible inference.  *See Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 701 (6th Cir. 2018) (affirming dismissal when complaint failed to allege facts sufficient to satisfy all elements of gross negligence).

To be liable, Lee must have alleged that these defendants' conduct "amount[ed] to gross negligence that is the proximate cause of the injury or damage."  Mich. Comp. Laws § 691.1407(2)(c).  "Gross negligence means 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.'" *Hyman v. Lewis*, 27 F.4th 1233, 1238 (6th Cir. 2022) (quoting Mich. Comp. Laws § 691.1407(8)(a)).  When a complaint alleges that a defendant did not provide medical treatment to a plaintiff contemporaneously displaying concerning symptoms, a jury could conclude the defendant was grossly negligent.  *Gillman v. City of Troy*, 126 F.4th 1152, 1161 (6th Cir. 2025).

The Court will start with Lee's claims against Hough, Flesch, and Lawler.  Lee makes no factual allegations specifically against Hough, Flesch, or Lawler.  Lee does not allege that Hough, Flesch, or Lawler were aware of any of her symptoms let alone ignored any requests for help.  Lee

does not allege facts regarding any of Hough, Flesch, or Lawler's conduct. Thus, the gross negligence claims against Hough, Flesch, and Lawler will be dismissed.

Next, Ronald, and Spencer. Lee alleges that Ronald and Spencer were among a group of Deputy Sheriffs who ignored her requests for help—and other inmates' request for help on Lee's behalf—between March 26, 2021 and April 20, 2021. (Am. Compl. ¶¶ 76-77.) She alleges that within this timeframe, she was "experiencing episodes of vomiting, loss of blood, abdominal pain and complications with her pregnancy." (*Id.*) However, the generality with which Lee alleges Ronald and Spencer ignored requests for help over a nearly month-long span does not suffice to state a claim for gross negligence. Even if—looking at the facts in the light most favorable to Lee—the Court infers that Lee and other inmates communicated directly with these named defendants, it remains unclear what information they conveyed. Lee does not allege that Ronald and Spencer were ever aware of her symptoms. Although the amended complaint includes allegations stating that some Deputy Sheriffs conducted a medical exam on Lee, subsequently communicating her pregnancy and her medical needs to Wellpath providers (*id.* ¶¶ 37-40), it would not be reasonable to infer from these allegations that every Deputy Sheriff, including Ronald and Spencer, conducted this exam and were thus aware of her symptoms. While ignoring Lee's requests for help despite contemporaneous awareness of her symptoms is merely sufficient—rather than necessary—to demonstrate gross negligence, her allegations do not otherwise demonstrate that Ronald and Spencer's conduct constitutes a substantial lack of concern for whether an injury occurred. From the facts alleged, it is only possible, not plausible, that Ronald and Spencer acted with gross negligence, so Lee's claims against them will be dismissed.

Finally, Hall. Even though Lee alleges that Hall conducted her initial health evaluation and thus would have been aware of Lee's *diagnoses* (*id.* ¶¶ 37-40), the allegations do not

7

sufficiently claim that Hall ignored contemporaneous displays of *symptoms*. Much like the claims against Ronald and Spencer, the lack of detail with which Lee alleges Hall ignored requests for help due to experiencing episodic health complications over a nearly month-long span (*id.* ¶¶ 76-77) does not suffice to state a claim for gross negligence. It is merely possible, not plausible, that Hall had a substantial lack of concern for whether an injury occurred.

These claims will be dismissed without prejudice, as Lee can cure her pleading deficiencies with proper specificity should the facts allow it.

### C. IIED Claims Against Undersheriff Hough and the Deputy Sheriffs

The R&R states that Lee sufficiently pleaded an intentional infliction of emotion distress cause of action in her amended complaint. Undersheriff Hough and the Deputy Sheriffs object with respect to themselves.

To state a claim for IIED, Lee must allege "extreme and outrageous conduct, committed intentionally or recklessly, causing [her] severe emotional distress." *Thomas v. City of Detroit*, 299 F. App'x 473, 478 (6th Cir. 2008) (citing *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 908 (Mich. 1985)). In line with the preceding analysis for Lee's gross negligence claims, the allegations do not plausibly indicate that Undersheriff Hough and the Deputy Sheriffs acted intentionally or recklessly. As discussed above, Lee's amended complaint provides no factual allegations regarding any of Hough, Flesch, or Lawler's conduct, let alone any intentional conduct. And without sufficiently alleging that Ronald, Spencer, or Hall were aware of the extent of her suffering when they allegedly ignored her requests, or what was conveyed to these defendants, the amended complaint does not sufficiently present facts that support the requisite intentionality or recklessness for an IIED claim. These claims will also be dismissed without prejudice.

### III. CONCLUSION

Lee's amended complaint does not sufficiently allege facts to plausibly state a *Monell* claim against Chippewa County, gross negligence claims against Undersheriff Hough and the Deputy Sheriffs, or IIED claims against Undersheriff Hough and the Deputy Sheriffs.  Thus, the Court will sustain these defendants' objections, reject the R&R, and dismiss these claims without prejudice. Additionally, the Court will order Lee file proof of service for the unserved defendants who have yet to make an appearance and show cause as to why the claims against these defendants should not be dismissed under Rule 4(m).

The Court will enter an order consistent with this Opinion.


Dated: July 28, 2025                               /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE