UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRANDI LEE,

        Plaintiff,

v.

WELLPATH CORPORATION, et al.,

        Defendants.

_____/

Case No.  2:24-cv-00039

Hon.  Hala Y. Jarbou
Chief U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

This Report and Recommendation (R. & R.) addresses Defendant Wellpath, LLC's (Wellpath) motion to dismiss based upon the May 1, 2025, United States Bankruptcy Court for the Southern District of Texas final confirmation order discharging and releasing claims against Wellpath. (ECF No. 35.) Wellpath argues that the claims asserted by Plaintiff should be dismissed with prejudice based upon the Bankruptcy Court's final order.

Plaintiff has not responded.

Plaintiff Brandi Lee filed an amended complaint on March 19, 2024, alleging Eighth Amendment and Fourteenth Amendment claims as well as state law claims for negligence and intentional infliction of emotional distress against Defendants, including Wellpath. (ECF No. 2.) These claims arise from her incarceration at the Chippewa County Detention Facility. Lee says that she was denied proper medical care and treatment while she was confined in the Chippewa County Detention

1

Facility, resulting in the death of her twin fetuses at approximately 10 weeks gestation.

As Lee set forth in her complaint, Defendant Wellpath contracted with the County of Chippewa to provide medical care for inmates at the County Jail facility. (*Id.*, PageID.2.)   Lee also sues Wellpath employees Defendants Dr. Hayes, and Registered Nurses Lightfoot, Ricketts, and Thompson.   Defendants Hayes, Lightfoot, Ricketts, and Thompson have not moved for dismissal based upon the bankruptcy confirmation order.

**II.  Analysis**

Plaintiff brings a *Monell* claim against Defendant Wellpath.   *Monnell v. Dep't. of Soc. Servs. Of the City of New York*, 436 U.S. 658 (1978).   Although, Plaintiff has not identified a policy, procedure, or custom that violated her rights, she alleges that "the policy and custom of Wellpath resulted in the continual denial of adequate medical care for Brandi Lee's serious medical condition."   (ECF No. 2, PageID.79.) That there was "an absence of any proper custom and policy and/or the policy in existence resulted in zero proper medical care for Brandi Lee's serious medical condition."   (*Id.*, PageID.80.)

On May 1, 2025, the United States Bankruptcy Court for the Southern District of Texas entered an Order Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain Debtors Affiliates. (ECF No. 77-1.)   The order discharges Wellpath's debt that arose before May 1, 2025.

The order provided in part that:

> any Holder of a Claim against or Interest in the Debtors that did not check the "Opt Out" box on the applicable Ballot or Opt Out Form or otherwise objected to the Third-Party Release, returned in advance of the Voting Deadline (or within 60 days after the Confirmation Date for incarcerated individuals), would be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the release and discharge of all Claims and Causes of Action against the Debtors . . . .

(ECF No. 35-1, PageID.418-419.)

Wellpath argues that because Plaintiff failed to opt out or object, her claims against Wellpath must be dismissed under the terms of the Bankruptcy Court confirmation order.[1]  *See Minges v. County of Berrien*, No. 1:23-cv-1308 (W.D. Mich. Nov. 5, 2025) (ECF No. 91), *report and recommendation adopted*, 2025 U.S. Lexis 254825 (W.D. Mich., Dec. 9, 2025) (ECF No. 92) (dismissing Wellpath based upon the Southern District of Texas Bankruptcy Court order).

Plaintiff has not asserted that she opted out or objected to the Bankruptcy Court confirmation order.  Nor has Plaintiff presented any argument to the Court rebutting Defendant Wellpath's motion to dismiss.

---

[1]    Other District Courts from this Circuit that have decided this issue have reached various conclusions.  See *Huffman v. Williams*, 2025 WL 2522965 (W.D. Ken. Sept. 2, 2025) (dismissing Wellpath after taking judicial notice of the Wellpath bankruptcy confirmation order); *Poronto v. Hoist*, 2025 WL 2700601 (E.D. Mich. Sept. 22, 2025) (recognizing that the Wellpath bankruptcy discharge renders the collection of a debt owed by Wellpath as unenforceable, but allowing the case to proceed against Wellpath as a nominal party solely for the determination of liability); *Carr v. Wilkerson*, 2025 WL 2656043 (Sept. 16, 2025) (noting that if the Plaintiff had failed to opt out, the claims would be released and dismissed by the Court); *Gregory v. M.D.O.C.*, 2025 WL 2466029 (E.D. Mich. Aug. 26, 2025) (denying Wellpath's motion to dismiss without prejudice based upon bankruptcy confirmation order because too many questions were left unanswered in the motion).

### III.  Recommendation

Accordingly, it is respectfully recommended that the Court grant Defendant Wellpath's motion to dismiss based upon the May 1, 2025, United States Bankruptcy Court for the Southern District of Texas final confirmation order discharging and releasing claims against Wellpath.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   December 10, 2025                                    /s/ *Maarten Vermaat*
                                                              MAARTEN VERMAAT
                                                              U.S. MAGISTRATE JUDGE